Filed 1/20/21  P. v. Magana CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE JAVIER MAGANA,<br><br>    Defendant and Appellant. | B300733<br><br>(Los Angeles County<br>Super. Ct. No. BA416716) |

APPEAL from an order of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Reversed and remanded with directions.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy

Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Jose Magana (defendant) appeals from an order denying his motion for a youth offender evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), *People v. Cook* (2019) 7 Cal.5th 439 (*Cook*), and Penal Code[1] section 1203.01. The Attorney General concedes the trial court erred in concluding it did not have authority to entertain defendant's motion, but defendant and the Attorney General disagree about the appropriate remedy. We consider whether the case should be remanded with instructions to grant the motion (defendant's position) or remanded to allow the trial court to consider the motion and exercise its informed discretion in deciding whether to grant it (the Attorney General's position).

## I. BACKGROUND

Defendant was convicted of two counts of attempted premeditated murder, two counts of assault with a deadly weapon, and one count of aggravated mayhem. The jury found true special allegations that defendant inflicted great bodily injury, personally used a deadly weapon, and committed the crimes for the benefit of a criminal street gang. Defendant was 18 years old at the time of the offense conduct. The trial court sentenced defendant to a total of 38 years to life in prison on the attempted murder counts.[2]

---

[1]     Undesignated statutory references that follow are to the Penal Code.

[2]     The trial court stayed the prison terms imposed on the remaining counts pursuant to section 654.

On direct appeal, defendant argued, among other things, that the case should be remanded for a *Franklin* proceeding,[3] i.e., to give him an opportunity to make a record of information relevant to an eventual youth offender parole hearing. (*People v. Magana* (Oct. 18, 2018, B281616) [nonpub. opn.]; see also *Franklin*, *supra*, 63 Cal.4th at 284.) We affirmed and held, as to the *Franklin* issue, that defendant had already had a sufficient opportunity to make such a record (*Franklin* was decided months before his sentencing).

After our decision on direct appeal and subsequent habeas petitions, defendant moved for a *Franklin* proceeding under section 1203.01. As we shall discuss, *Cook* holds section 1203.01 is the procedural vehicle by which an offender may request a *Franklin* proceeding after his or her conviction is final. (*Cook*, *supra*, 7 Cal.5th at 451-452.) The trial court denied the motion, finding defendant presented "no facts in support of a *Franklin* hearing in addition to those already present[ed] to and rejected by the Court of Appeal" and believing it had "no authority to review the decision made by the Court of Appeal."

## II. DISCUSSION

Viewed in light of the intervening *Cook* decision and another Court of Appeal case, our conclusion that defendant was not entitled to a limited remand in his previous appeal does not preclude the trial court from considering his section 1203.01

---

[3] As our Supreme Court explained in *Cook*, *supra*, "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' A hearing generally involves definitive issues of law or fact to be determined with a decision rendered based on that determination. [Citation.]" (*Cook*, *supra*, 7 Cal.5th at 449, fn. 3.)

4

motion.  We will accordingly reverse the order denying defendant's motion and remand for the trial court to exercise its discretion as described in *Franklin* and *Cook*.

Section 3051, subdivision (b)(3) provides that an individual who, like defendant, is 25 years or younger and sentenced to 25 years to life in prison is entitled to a youth offender parole hearing during his or her twenty-fifth year of incarceration. (§ 3051, subd. (b)(3).)  At a youth offender parole hearing, the Board of Parole Hearings may consider statements from the defendant's "[f]amily members, friends, school personnel, faith leaders, and representatives from community-based organizations with knowledge about the individual before the crime or the individual's growth and maturity since the time of the crime."  (§ 3051, subd. (f)(2).)  The Board of Parole Hearings is required to "give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."  (§ 4801, subd. (c).)

In *Franklin*, our Supreme Court held a youth offender must be afforded "sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing."  (*Franklin*, *supra*, 63 Cal.4th at 284.)  "Assembling such statements 'about the individual before the crime' is typically a task more easily done at or near the time of the juvenile's offense rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away."  (*Id*. at 283-284.)

In *Cook*, our Supreme Court held the reasoning supporting its ruling in *Franklin*, which involved a defendant's direct appeal,

5

also extends to offenders with final convictions.  (*Cook*, *supra*, 7 Cal.5th at 451.)  The Supreme Court held the procedural vehicle by which offenders with already final convictions may seek to make a record of information relevant under sections 3051 and 4801 is a motion under section 1203.01.  (*Ibid*.)  That statute states a trial court may (and in some instances, must) create a post-judgment record for the benefit of the Department of Corrections and Rehabilitation.  The Supreme Court reasoned that although section 1203.01 "specifically mentions statements prepared by the court, prosecutor, defense counsel, and investigating law enforcement agency[,] . . . the [trial] court has inherent authority under Code of Civil Procedure section 187 to authorize additional evidence preservation consistent with . . . *Franklin*."  (*Cook*, *supra*, 7 Cal.5th at 449.)

In this case, defendant and the Attorney General agree the trial court's denial of defendant's section 1203.01 motion should be reversed.  Our prior opinion resolving defendant's direct appeal pre-dated *Cook*, and in *Cook*, the Supreme Court did not decide whether a previous opportunity to submit youth-related mitigating evidence forecloses making a section 1203.01 motion—the *Cook* court was silent on that score.  But at least one Court of Appeal panel has held, post-*Cook*, that a previous opportunity to submit youth-related mitigating evidence does not stand as a bar to making a section 1203.01 motion.  (*People v. Medrano* (2019) 40 Cal.App.5th 961, 963, 968 [no basis for a remand on direct appeal when the defendant was sentenced over a year after *Franklin* and had an opportunity to make a record of mitigating youth-related evidence, but judgment affirmed without prejudice to the defendant's prerogative to file a motion for a *Franklin* proceeding under section 1203.01 and *Cook*].)  We agree with the

6

parties that our prior opinion on direct appeal does not foreclose making a section 1203.01 motion for a *Franklin* proceeding.

Defendant and the Attorney General differ, however, on the directions that should govern our remand to the trial court. Defendant contends any denial of his section 1203.01 motion, which does not specify the information he seeks to present,[4] would be an abuse of discretion. The trial court, however, has considerable discretion as to the scope of the *Franklin* proceeding to which defendant is entitled. In *Cook*, the Supreme Court emphasized the trial court's discretion to ensure the information presented is "'relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations.' [Citation.]" (*Cook, supra*, 7 Cal.5th at 459.) The trial court "may, for example, require an offer of proof regarding the evidence the offender seeks to present, so that it can determine whether such evidence is relevant to youth-related factors and meaningfully adds to the already available record. It may also determine whether testimony is 'appropriate' [citation], or if other types of evidentiary submissions will suffice . . . . The court may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding

---

[4] Defendant contends the habeas petition he previously filed in this court "provides extensive details of the kind of evidence that was available to trial counsel, and which was not presented to the court at sentencing." It is not clear from his section 1203.01 motion, however, whether this is the only information he seeks to present and whether, if so, he seeks to present all of this information in a *Franklin* proceeding (and whether he wishes to present it in the form of live testimony or letters).

7

procedures" available in a youth offender parole hearing.  (*Ibid*.)
Because the trial court has not yet considered these issues, the
trial court on remand shall exercise its informed discretion and
decide whether defendant should have an opportunity to make a
record beyond the record he has already made when seeking
habeas relief.

## DISPOSITION

The order denying defendant's motion for a *Franklin*
proceeding under section 1203.01 and *Cook* is reversed.  The
matter is remanded to the trial court for further proceedings
consistent with this opinion.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:


RUBIN, P. J.


MOOR, J.

8